# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

KRISTIN RAWLS,

    Plaintiff,

vs.                              CASE NO. CV-12-J-3487-NE

MADISON COUNTY COMMISSION,

    Defendant.

## MEMORANDUM OPINION

Pending before the court is the defendant's motion for summary judgment (doc. 28), brief in support of said motion and evidentiary submissions (doc. 29), to which the plaintiff filed an opposition and further evidence[1] (doc. 32). The defendant thereafter filed a reply (doc. 33). The court has considered the motion, evidence and arguments submitted by the parties in support of their respective positions.

## I.  FACTUAL BACKGROUND

In her complaint, the plaintiff alleges the defendant discriminated against her, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §

---

[1] The plaintiff submitted multiple documents which contain detailed findings of evidence as determined by the EEOC. Contained in the defendant's reply brief (doc. 33) is a motion to strike these documents. Defendant's reply at 1-4. Because these documents are inadmissible, the same is **GRANTED**. *See e.g., Moore v. Devine,* 767 F.2d 1541, 1550–51 (11th Cir.1985), modified on reh'g, 780 F.2d 1559, 1560 (11th Cir.1986) (holding that EEOC findings are not binding with regard to subsequent discrimination suits in federal court. The district court is not required to defer or make reference to the EEOC determination, as it has to conduct a de novo review of the claims).

2000e *et seq.* The plaintiff also asserted a claim for mental and emotional distress under state law.[2] The entire basis for this litigation concerns plaintiff not being promoted to a position she did not apply for and did not ever mention she sought. The plaintiff alleges she was not promoted because of her race, black.

The plaintiff began working for defendant in the Probate Judge's office as a part-time, temporary employee in December 2004. Plaintiff depo. at 51-52. In January 2007 she applied for and received a promotion to Probate Clerk Two, which was a full-time, permanent position. Plaintiff depo. at 52. She assisted with the filing and paperwork for last wills and testaments, guardianships, name changes, conservatorships, condemnations, and relieving the marriage license clerk as needed. Plaintiff depo. at 53, 56.

During plaintiff's tenure, Patty Hanson, the Chief Clerk, sought volunteers from the probate office to train for the bookkeeper position.[3] Plaintiff depo. at 111. The plaintiff was not willing to train for that position because she did not see it as an advancement or a promotion, and did not see it as a way to increase her duties or

---

[2] Neither party has addressed this claim in the current pleadings. As such, the court deems the plaintiff's state law claim abandoned. *See e.g., Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir.2000)("failure to brief and argue [an] issue during the proceedings before the district court is grounds for finding that the issue has been abandoned."); *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1284 (11th Cir.2003); see also *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir.2001).

[3] In her affidavit, Hanson refers to this position as the Chief Accounting Clerk. Hanson affidavit, ¶ 6.

understanding of the probate judge's office. Plaintiff depo. at 112-113. Diane Dodd volunteered to cross-train for the bookkeeper's job. *Id.*, at 113-114; Hanson affidavit, ¶ 6. The plaintiff testified that Ms. Dodd had more experience with deposits than she did, and that Geneva Woods-McCrary had more experience than her as well. Plaintiff depo. at 115.

The Deputy Chief Clerk, Annie Jones, retired in December 2009. Hanson affidavit, ¶ 7. The plaintiff asserts that she was not selected for, nor allowed to apply for, the deputy chief clerk position because of her race. Plaintiff depo. at 125. She asserts that the Madison County Commission required job vacancies to be posted, which was not done in filling the deputy chief clerk position. *Id*. Because the job was not posted, the plaintiff never had the opportunity to apply. *Id.*, at 134. The position was vacant for a number of months, during which the plaintiff never told anyone she was interested in it. *Id.*, at 143-144.

Felicia McDonald, the personnel director for Madison County, testified that departments may promote from within. McDonald depo. at 74. There was no requirement that the Deputy Chief Clerk position be posted. *Id.*, at 33-34. Furthermore, "what is advertised as a new hire or job vacancy is the lessor job when there is one left because of an internal situation." *Id.,* at 18. McDonald stated that the defendant did not violate any policy in promoting Dodd. *Id.*, at 78.

As Probate Judge, Tommy Ragland had sole authority to hire, supervise, promote and discharge the Probate office employees. Ragland affidavit, ¶ 2. In April 2010 Judge Ragland and Hanson decided to fill the vacant Deputy Chief Clerk position with a present employee of the Probate office and therefore did not advertize the position. Ragland affidavit, ¶ 4; Hanson affidavit, ¶ 8. Hanson asserted all present employees of the probate office were considered for the position. Hanson affidavit, ¶ 8. At that time, the probate office had twenty full time employees. *Id.,* ¶ 10. Hanson selected Diane Dodd[4] from among them because of Dodd's prior years of supervisory experience, prior experience with accounts payable, and because she had cross-trained as the Chief Accounting Clerk. *Id.*, ¶ 11. Additionally, Hanson believed Dodd to be more productive and absent less than the other comparable probate employees. *Id*. ¶¶ 11-12; *see also* McDonald depo. at 40.

The plaintiff claims she was more qualified that Dodd because she had more experience in the probate office and more education. Plaintiff depo. at 130, 142, 152-154. However, she readily admits that Geneva Woods-McCrary was more qualified than she was for that position as well. *Id*., at 142, 172.

---

[4]Ms. Dodd is also referred to in the evidence as "Eva Dodd." *See e.g.*, McDonald depo. at 28. Her full name is Eva Diane Dodd. See plaintiff exhibit 3.

When Diane Dodd was promoted to Chief Deputy Clerk in April 2010, the plaintiff was promoted to Probate Clerk Three. *Id.* at 136. That position also was not posted and no applications were accepted for it before the plaintiff received that job. *Id.*, at 163-164. She is not aware of anything improper in this promotion. *Id.*, at 164. The plaintiff cannot state how the failure to post the Probate Clerk Three position is any different than the failure to post the Deputy Chief Clerk position. *Id.,* at 169.

The plaintiff has no supervisory experience. Plaintiff depo. at 115, 148-149. She has never prepared a financial report, handled a budget, or dealt with money line items on a budget. *Id.*, at 149-150. She has never done billing or handled bank accounts, and never maintained voter registration lists. *Id.*, at 149-150. The plaintiff has no knowledge of whether Dodd had more knowledge of accounting than she did, or had more experience supervising employees, or know Dodd's educational background. *Id.*, at 156-157, 171.

The plaintiff maintains she and Geneva Woods-McCrary were more qualified than Dodd, but could not say if any other employee in the probate office was more qualified than they were. Plaintiff depo. at 158-159, 170. Because she and Woods-McCrary are both black, the plaintiff determined that Dodd, who is white, was hired based on her race. *Id.,* at 198. The plaintiff maintains that Dodd was not qualified

on the sole basis that the plaintiff had seniority in the probate office over her. *Id.*, at 171.

After the plaintiff did not receive the deputy chief clerk position, she declined the opportunity to move to the election coordinator position, although it paid more, because she was not interested in that job. Plaintiff depo. at 183; defendant exhibit 13 to plaintiff depo. In November 2012 the plaintiff resigned from the Probate Judge's office to take another job. Plaintiff depo. at 185-186; defendant exhibit 14 to plaintiff depo.

The plaintiff recognizes that if Woods-McCrary was promoted to Chief Deputy Clerk because she was the most qualified, plaintiff still would not have received that position. Plaintiff depo. at 221, 223-224. The plaintiff also agrees that white employees in the probate office were not given the opportunity to apply for the Chief Deputy Clerk position. *Id.*, at 224-225. She agrees that no one other than Dodd, regardless of race, was given the opportunity to apply for that position. *Id.*, at 225.

Plaintiff's mother, Felicia McDonald, is the Personnel Director for Madison County. McDonald depo. at 13, 19. All job openings with Madison County are posted by her department. *Id.*, at 15. However, requirements for the vacant positions are decided by the department heads. *Id.*, at 16. In regard to the Probate Court, Judge

Ragland is the department head and he and Hanson have sole authority to hire probate office employees. *Id.*, at 17.

Proper procedure was followed when plaintiff was promoted to Probate Clerk III because an in office promotion did not require the Probate Office to advertize or post the position. Depo. of McDonald, at 18. When a vacancy is to be filled with an internal candidate, the department in question notifies McDonald and she makes sure the intended recipient meets the job qualifications. *Id.*, at 18. McDonald agreed that Diane Dodd was qualified for the position of deputy chief clerk, as was Susan McClellen.[5] *Id.*, at 145. She also agreed that the plaintiff was not the most qualified individual for the position. *Id.*, at 154-155. Rather, in her opinion Geneva McCrary was most qualified. *Id.*, at 29.

## II.  STANDARD FOR EVALUATING SUMMARY JUDGMENT

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986). An issue is "material" if it is a legal element of the claim under the applicable substantive law which might affect the

---

[5] Ms. McClellan is white, and was hired about the same time as the plaintiff. McDonald depo. at 25.

outcome of the case. It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997).

The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the nonmovant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir.2005).

The court must consider the evidence in the light most favorable to the plaintiff and may not make credibility determinations nor weigh the parties' evidence. *Frederick v. Sprint/United Management Co.* 246 F.3d 1305, 1311 (11th Cir.2001); *Stewart v. Booker T. Washington Insurance.*, 232 F.3d 844, 848 (11th Cir.2000).

### III. Legal Analysis

A plaintiff may prevail on an employment discrimination claim by either proving that intentional discrimination motivated the employer or producing sufficient evidence to allow a rational trier of fact to disbelieve the legitimate reason proffered by the employer, which permits, but does not compel, the trier of fact to find illegal discrimination. *Wilson v. B/E Aerospace, Inc,.* 376 F.3d 1079, 1088 (11th Cir. 2004), citing *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 147-48, 120 S.Ct. 2097, 2108-09, 147 L.Ed.2d 105 (2000).

Plaintiff asserts that she did not have the opportunity to apply for or be promoted to the Deputy Chief Clerk position due to race discrimination. The court must apply the "failure to promote" prima facie analysis, as adopted from the oft-repeated *McDonnell Douglas Corp. v. Green* methods of proof, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In a "failure to promote case," the plaintiff meets her prima facie burden of proof by establishing that (1) she is a member of a protected class; (2) she was qualified for the position for which she

applied; (3) she was rejected for the position; and (4) the position was filled with a person from outside the plaintiff's protected class. *Vessels v. Atlanta Independent School System*, 408 F.3d 763, 768 (11th Cir.2005); citing *McDonnell Douglas Corp.*, 411 U.S. at 802.

For purposes of this opinion, the court finds the plaintiff meets her prima facie burden.[6] Thus, the burden shifts to the defendant to articulate a non-discriminatory reason for failing to promote the plaintiff to Deputy Chief Clerk. *See Vessels*, 408 F.3d at 767. The plaintiff argues both that she was more qualified than the person selected, and that she was denied the opportunity to apply for the position. Defendant sets forth a myriad of reasons the plaintiff was not selected, including that plaintiff was unwilling to cross-train for accounting work, she had no supervisory experience, she was absent more often than the person selected, and she was less productive. Defendant's brief at 17-19. The selection of the candidate deemed to be the most qualified, even if based on the subjective criteria of the decision maker, is legally sufficient to meet the defendant's burden of production. *See Springer v. Convergys Customer Mgmt. Group, Inc.*, 509 F.3d 1344, 1348–1350 (11th Cir.2007).

---

[6] The defendant does assert that the plaintiff was not qualified for the position of Deputy Chief Clerk. Regardless of whether or not the plaintiff was qualified, the next steps in the analysis are dispositive. Thus, for purposes of this opinion, the court finds the plaintiff does meet her prima facie burden.

Therefore, the burden shifts back to the plaintiff to present evidence that would permit a reasonable finder of fact to conclude the reasons given by the defendant were a pretext for discrimination. *Vessels*, 408 F.3d at 771. The evidence must show "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Id*. A proffered reason is not pretext for discrimination "unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *Springer,* 509 F.3d at 1349 (emphasis in original).

The plaintiff's argument centers around seniority and education. Because she had been employed by the probate office longer, the plaintiff believed she was more qualified than Dodd. She also thought she had more education than Dodd, but was not sure of this. The law is well established that the plaintiff cannot prove pretext "simply arguing or even by showing that [s]he was better qualified than the person who received the position [s]he coveted." *Springer,* 509 F.3d at 1349. Instead, she must show "that the disparities between the successful applicant's and [her] own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *Id*. (quotation marks omitted).

While the plaintiff argues she was never informed she used too much sick leave, and her time off was always approved, that does not rebut defendant's legitimate, non-discriminatory reason for considering how often a person was off work. The fact that plaintiff's sick leave was always approved is simply irrelevant to this consideration. Similarly, while the plaintiff argues that she had the necessary experience, she admits in her brief she had no interest in accounting or that position, and that the same had no effect on her success as a Probate Clerk II. Plaintiff's response, at 14. She does not dispute that this was a job qualification she lacked.

The defendant asserts that the most qualified person was chosen for the position. This court's role is not to "sit as a super-personnel department that reexamines an entity's business decisions." *Chapman v. AI Transp*., 229 F.3d 1012, 1030 (11th Cir.2000) (en banc) (quotations omitted). Rather, the use of subjective evaluations of a job candidate's qualifications by an employer is permissible. The Eleventh Circuit recognized that "subjective evaluations of a job candidate are often critical to the decisionmaking process." *Chapman*, 229 F.3d at 1033. "Personal qualities also factor heavily into employment decisions concerning supervisory or professional positions." *Id.* In the context of a promotion, "a plaintiff cannot prove pretext by simply arguing or even by showing that she was better qualified than the person who received the position she coveted. A plaintiff must show not merely that

the defendant's employment decisions were mistaken but that they were in fact motivated by race." *Brooks v. County Comm'n of Jefferson County, AL*, 446 F.3d 1160,1163 (11th Cir.2006) (quoting *Alexander v. Fulton County*, 207 F?3d 1303. 1339 (11th Cir.2000));  *Wilson*, 376 F.3d at 1092 ("The role of this Court is to prevent unlawful hiring practices, not to act as a super personnel department that second-guesses employers' business judgments." (internal quotation marks omitted)); *Beard v. Annis*, 730 F.2d 741, 744 (11th Cir.1984) (per curiam) ("This court does not sit in judgment over whether the defendants made the right employment decision .... only whether the decision was made on the basis of race."). The plaintiff has failed to produce any such admissible evidence.  "[A] plaintiff employee may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reason as long as the reason is one that might motivate a reasonable employer." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1267 (11th Cir.2001). Indeed, an "employer may [take an employment action] for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir.1984).

As to the plaintiff's assertion she was denied the opportunity to apply for the position, the only evidence before the court is that Chief Clerk Hanson considered all

of the employees in the Probate Office in filling the Deputy Chief Clerk position. *See* Hanson affidavit, ¶ 8. In summary, the plaintiff fails in her burden to show that no reasonable person could have chosen the selected candidate over her. *See Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1163 (11th Cir.2006) (holding that in the failure-to-promote context, "[a] plaintiff must show that the disparities between the successful applicant's and her own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff") (quotation and citation omitted). That being so, and in light of plaintiff's failure to reveal "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence," *Combs*, 106 F.3d at 1538, the court finds summary judgment in favor of the defendant and against the plaintiff is due to be entered on the plaintiff's failure to promote claim. *See Chapman*, 229 F.3d at 1024–25 ("If the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment on the plaintiff's claim.").

In its brief in support of its motion for summary judgment, the defendant also argues that the Madison County Commission was not the plaintiff's employer.

Defendant's brief, at 21-24.  The Probate Judge in his official capacity is more likely the proper defendant than the county commission.  *See Woody v. St. Clair County Comm'n,* 885 F.2d 1557, 1558 (11th Cir.1989)*; Johnson v. Waters*, 970 F.Supp. 991, 1002 (M.D.Ala.1997).  However, because the court finds no violation of Title VII occurred as a matter of law, the court does not rule on this alternative ground raised by the defendant.

## CONCLUSION

The court having considered the foregoing, and finding no genuine issues of material fact exist and that the defendant is entitled to judgment in its favor as a matter of law, the court shall so rule by separate Order.

**DONE** and **ORDERED** this the 24th  day of September, 2013.

_____
INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE